# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

CHARLES LLEWLYN,

        Petitioner,

    v.

J.V. FLOURNOY,

        Respondent.

CIVIL ACTION NO.: 2:16-cv-131

---

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Llewlyn ("Llewlyn"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 7), and Llewlyn filed a Response. (Doc. 8.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Llewlyn's Section 2241 Petition, and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Llewlyn *in forma pauperis* status on appeal.

## BACKGROUND

Llewlyn was convicted in the Western District of North Carolina, after a jury trial, for conspiracy to distribute, and to possess with intent to distribute, cocaine and cocaine base, in violation of 21 U.S.C. § 846. (Doc. 7, p. 1.) The district court sentenced Llewlyn to 360 months' imprisonment on August 6, 2001, and the Fourth Circuit Court of Appeals affirmed his

sentence on October 21, 2002.[1]  Mot., <u>United States v. Odman</u>, 4:96-cr-53 (W.D.N.C. Aug. 6, 2001), ECF Nos. 469, 489.

Llewlyn then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Western District of North Carolina.  J., <u>Odman v. United States</u>, 1:04-cv-44 (W.D.N.C. Mar. 11, 2004), ECF No. 1.  In addition to a spate of claims alleging that the trial court committed errors during his trial, Llewlyn levied several ineffective assistance of counsel claims against his trial counsel and appellate counsel.  The district court rejected each ground presented in Llewlyn's motion and dismissed that motion on December 12, 2005.  Order, <u>Odman v. United States</u>, 1:04-cv-44 (W.D.N.C. Mar. 11, 2004), ECF No. 10.  Though Llewlyn appealed the decision of the district court, the Fourth Circuit declined to grant him a certificate of appealability.  Llewlyn has also filed numerous, unsuccessful post-conviction petitions in this district, where he remains incarcerated.  <u>See, e.g.</u>, <u>Odman v. McFadden, Warden</u>, 2:03-cv-060 (S.D. Ga.); <u>Oddman v. Hickey, Warden</u>, 2:09-cv-048 (S.D. Ga.); <u>Llewlyn v. Warden, F.C.I. Jesup</u>, 2:15-cv-072 (S.D. Ga.).

## DISCUSSION

In his current Petition, Llewlyn avers that his sentence exceeds the statutory maximum, and therefore, violates the Ex Post Facto Clause of the United States Constitution.  (Doc. 1, p. 1.)  Specifically, Llewlyn asserts that his sentence should have been based upon the 1994 Sentencing Guidelines, as opposed to the 2001 Sentencing Guidelines that were in effect at the time of his sentencing.  (<u>Id.</u> at pp. 1–2.)  In support of his argument that he may proceed with his claims via Section 2241, Llewlyn cites the United States Supreme Court's decision in <u>Peugh v. United</u>

---

[1]  The Western District of North Carolina recently reduced Llewlyn's sentence to 235 months' imprisonment following retroactive amendments to the Sentencing Guidelines.  Order, <u>United States v. Odman</u>, 4:96-cr-53 (W.D.N.C. Jan. 19, 2016), ECF No. 739.

States, ___ U.S. ___, 133 S. Ct. 2072 (June 10, 2013), which held that the Ex Post Facto Clause is violated when a defendant is sentenced under Sentencing Guidelines promulgated after he committed his criminal acts, and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of his offense.  In the alternative, Llewlyn maintains that he may proceed via Section 2241 because "a sentence imposed above the [ ] statutory maximum based on a legal error is a fundamental defect redressable under the savings clause."  (Id. at p. 3.)

Respondent contends that Llewlyn cannot satisfy his burden of establishing entitlement to relief pursuant to Section 2255's savings clause, and his Petition should be dismissed as a result. Respondent asserts that Llewlyn's citation of Peugh does not satisfy the savings clause, as that case does not apply retroactively to cases on collateral review, "does not establish that Llewlyn was convicted of a nonexistent offense or sentenced above the statutory maximum," and "has nothing at all to do with the statutory definition of Llewlyn's crime or the statutory punishment for it."  (Doc. 7, p. 4.)  Instead, Respondent states that Llewlyn could have raised the arguments related to Peugh on a previous occasion but failed to do so.  (Id. at p. 5.)

Llewlyn responds that he did not have a meaningful opportunity to raise the claims presented in his 2241 Petition pursuant to Peugh and that, therefore, the savings clause applies to his claims.

## I.      Whether Llewlyn can Proceed Pursuant to Section 2241

Section 2241 habeas corpus petitions "'are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement.'"  Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (quoting Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1288 (11th Cir. 2013) (emphasis

omitted)). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

Under Section 2255(e)'s "savings clause," a prisoner may file a Section 2241 petition if an otherwise available remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added). The above-emphasized portion of Section 2255(e) is referred to as the "savings clause."

In Bryant, the Eleventh Circuit Court of Appeals articulated the requirements a petitioner must meet in order to proceed under the savings clause with a Section 2241 petition that raises sentencing claims. 738 F.3d 1253. The petitioner must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentence, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first 2255 proceeding," a Supreme Court decision overturned that circuit precedent; (3) the rule announced in that Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule, the petitioner's current sentence

4

exceeds the statutory maximum penalty authorized by Congress; and (5) the savings clause reaches the petitioner's claim. Bryant, 738 F.3d at 1274 (synthesizing the savings clause tests discussed in Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011); and Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)); see also Jeanty v. Warden, 757 F.3d 1283, 1285 (11th Cir. 2014); Mackey v. Warden, FCC Coleman, 739 F.3d 657, 661–62 (11th Cir. 2014) (approving the Bryant test factors and concluding that petitioner had satisfied all prongs thereof).

A petitioner must satisfy all five of these requirements to obtain relief. Bryant, 738 F.3d at 1274. This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's Section 2241 claims. Williams, 713 F.3d at 1338; Daniels v. Warden, FCC Coleman, 538 F. App'x 850, 852 (11th Cir. 2013) ("[A] petitioner may not argue the merits of his claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim."). Moreover, "[t]he petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Furthermore, "[t]he mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Body v. Taylor, No. 1:15-CV-00311-AKK, 2015 WL 1910328, at *6 (N.D. Ala. Apr. 27, 2015), *appeal dismissed,* (Oct. 28, 2015) (quoting Wofford, 177 F.3d at 1245 (Cox, J., concurring specially) ("I also agree that the remedy by motion under § 2255 is not

rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion."), United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (bars on successive motions and statute of limitations do not render § 2255 motion inadequate or ineffective), and Charles v. Chandler, 180 F.3d 753, 756–58 (6th Cir. 1999) (statute of limitations bar does not make Section 2255 inadequate or ineffective)).

Here, Llewlyn has not shown that the savings clause reaches his claims. Although Llewlyn argues that Section 2255 is inadequate or ineffective to test the legality of his detention because the Supreme Court announced its decision in Peugh after he filed his first Section 2255 motion, Peugh has not been held to be retroactively applicable to cases on collateral review. See Salery v. Rathman, No. 1:13-cv-01622, 2016 WL 4134611, at *2 (N.D. Ala. June 20, 2016) ("[N]o court has found Peugh to apply retroactively on collateral review."); Thai v. Warden Lewisburg USP, 608 F. App'x 114, 117 (3d Cir. 2015) ("Even accepting, arguendo, [petitioner's] contention that Peugh is relevant to the facts of [this] case, it does not apply retroactively to cases on collateral review, as other courts have held." (citing Herrera-Gomez v. United States, 755 F.3d 142, 146 (2d Cir. 2014))). Accordingly, Llewlyn may not avail himself of the savings clause because he fails to satisfy the third Bryant factor.

Furthermore, even if Peugh did apply retroactively to cases on collateral review, Llewlyn's petition would be untimely. A petitioner seeking to file a federal habeas petition has one year within which to file their federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

6

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The one-year statute of limitations also applies to Section 2241 petitions. Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). Here, Llewlyn relies upon the Peugh decision as grounds for asserting that his sentence is unconstitutional. However, as discussed above, Peugh is not retroactively applicable. Furthermore, even if that decision were retroactively applicable, Llewlyn did not assert his claim in a timely manner. Peugh was decided on June 10, 2013, and Petitioner filed his 2241 Petition on September 19, 2016—more than three years after the Supreme Court's decision. Accordingly, even if Llewlyn had satisfied the savings clause, he failed to meet the one-year statute of limitations period found at Section 2244(d)(1)(C), and, as a result, his claims are not cognizable.

Finally, Llewlyn argues that he may proceed with his claims via Section 2241, notwithstanding his failure to satisfy the savings clause and his failure to timely file a petition based upon a retroactively applicable Supreme Court decision because his sentence qualifies as a "fundamental miscarriage of justice." Even if a petitioner's claim—like Llewlyn's— is procedurally defaulted, he "may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior

conviction used to enhance his sentence has been vacated." Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014).  However, the Eleventh Circuit held in Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006), that "[o]nly if a petitioner successfully 'opens the portal' [by demonstrating that the savings clause applies to his claim] will [the Court] take the next step and determine if the petitioner can overcome a procedural default by showing 'actual innocence.'" Accordingly, even if Peugh is relevant to the facts of Llewyn's case, Llewlyn cannot satisfy the requirements of the savings clause for the reasons previously discussed.[2]  See id. ("[Because petitioner] has not demonstrated that his claim is based on a retroactively applicable Supreme Court decision . . .  [the Court] will not address the question of whether [petitioner] has overcome his procedural default . . . [and] need not rule on [his] claims regarding his actual innocence[.]"

Consequently, the Court need not address the relative merits of Llewlyn's Section 2241 Petition.  Because Llewlyn has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim.  Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Based on these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Llewlyn's Section 2241 Petition.

---

[2] See also Berry v. United States, 468 F. App'x 924, 925–26 (11th Cir. 2012) ("McKay v. United States, 657 F.3d 1190 (11th Cir. 2011)[,] rejected the argument that an actual-innocence-of-sentence exception applies to a . . . claim that the petitioner was wrongly sentenced . . . . Because the actual innocence exception is focused on actual (not legal) innocence, [the Eleventh Circuit Court of Appeals] concluded that [a] petitioner . . . [who] ma[kes] no claim to being factually innocent of [his] crime . . . cannot qualify for the actual innocence exception.").  Similarly, here, Llewlyn does not claim that he is factually innocent of his crime but argues that the sentence imposed upon him for that crime exceeded the constitutional maximum.  Accordingly, even if Llewlyn had satisfied the savings clause, his claim would fail for this additional reason.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Llewlyn leave to appeal *in forma pauperis*.  Though Llewlyn has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Llewlyn's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Llewlyn *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Llewlyn's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Llewlyn leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Llewlyn and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of December, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA